UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| | 18-22-SDD-EWD-7 |
| FRANK W. LIPSCOMB | |

**RULING**

This matter is before the Court on the *Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(a)(i)*[1] filed by Defendant, Frank W. Lipscomb ("Lipscomb" or "Defendant"). The Government filed a *Response*[2] indicating that it does not oppose the *Motion*. For the reasons that follow, the Court finds that the *Motion* shall be DENIED.

**I.    BACKGROUND**

Frank W. Lipscomb pled guilty to two counts of a 21-count *Indictment* on May 14, 2019, namely Count 1, conspiracy to distribute and possess with the intent to distribute heroin and substances containing a detectable amount of methamphetamines and cocaine base in violation of 21 U.S.C. § 846, and Count 15, unlawful use of a communications facility in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.[3] He was sentenced to 57 months imprisonment on Count 1 and 48 months imprisonment on Count 15, to be served concurrently.[4] Lipscomb is currently incarcerated at the Fort Worth

---

[1] Rec. Doc. No. 406.
[2] Rec. Doc. No. 416.
[3] Rec. Doc. No. 280.
[4] *Id.* at p. 2.

64096

Federal Correctional Complex. In the instant *Motion*, he asks the Court to reduce his sentence to time served with home confinement as a condition of supervised release because he "suffers from numerous serious health conditions that put him at high risk from severe complications should he contract the COVID-19 virus."[5] Specifically, he explains, he is a 52-year-old man with high blood pressure, avascular necrosis, chronic kidney disease, chronic hepatitis C, stage III cirrhosis of the liver, COPD, and emphysema, in addition to occasional anemia, decreased mobility related to hip problems, and, potentially, lung cancer.[6]

## II.   LAW AND ANALYSIS

### A.   Exhaustion of Remedies

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

---

[5] Rec. Doc. No. 406-1, p. 3.
[6] *Id*. at p. 1.

There is no dispute that Lipscomb has exhausted his administrative remedies under the First Step Act, and his motion is ripe for review. Lipscomb has submitted evidence of his request to the warden and evidence of the denial of that request, which states that the request was received on August 19, 2020.[7] Because 30 days have elapsed since the request was received by the warden, it is undisputed that Lipscomb has exhausted his administrative remedies as required by the statute. The Government does not argue otherwise.[8]

### B. Extraordinary and Compelling Reasons

28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Sentencing Guidelines policy statement appears at § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger

---

[7] Rec. Doc. No. 412-1.
[8] Rec. Doc. No. 416, p. 5 ("The United States concedes that defendant has exhausted administrative remedies as required by the statute").

64096

to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). **A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required**. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for

64096

compassionate release.[9]

Lipscomb has provided medical documentation to support his claim that his underlying health conditions present extraordinary and compelling reasons for a reduction in sentence. Likewise, Lipscomb avers that "his personal role in the organization was relatively minor" and he simply "acted as a courier, moving money and drugs between purchasers, in exchange for the substances he used to feed his own addiction."[10] The Government echoes Lipscomb's arguments in large part, agreeing that he "would not pose a danger to the community if released"[11] and that he "played a minor role in the drug trafficking conspiracy of which he was convicted."[12] The Bureau of Prisons advises that Lipscomb has not had any disciplinary infractions while incarcerated.[13] As for the §3553(a) sentencing factors, the Government notes that Lipscomb "has served more than half of his sentence (taking into account good time credit)" and that "[h]is offenses were not so serious that reduction of his sentence to account for the danger he faces in prison would undermine the purposes of sentencing."[14]

Nevertheless, even when there are "extraordinary and compelling" reasons for a sentence reduction, "compassionate release is discretionary, not mandatory."[15] The Court finds that Lipscomb has failed to establish that he has a viable source of social support and a stable residence plan to provide for his medical needs, without which he would be at a greater risk of serious health problems than under his circumstances of incarceration.

---

[9] *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)(emphasis added).
[10] Rec. Doc. No. 406-1, p. 12.
[11] Rec. Doc. No. 416, p. 5-6,
[12] *Id.* at p. 6.
[13] *Id.*
[14] Rec. Doc. No. 416, p. 6.
[15] *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (affirming denial of compassionate release despite defendant's eligibility).

Accordingly, the Court finds that his motion shall be DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana the 3rd day of December, 2020.

*Shelly D. Dick*
_____
**SHELLY D. DICK, CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

64096